## Conemaugh River Bridge. Westmoreland County's Appeal.

*Bridges—Joint county bridge—Acts of April 4, 1870, and June 13, 1836.*

The act of April 4, 1870, P. L. 834, relating to contracts for the erection of bridges in the counties of Bucks, Lancaster, Juniata, Venango, Adams, Erie, Mercer, Westmoreland, Montgomery, Clarion and Schuylkill, does not apply to a contract for the erection of a joint county bridge, between one of the counties named in the act and a county not embraced by the act. Provision for the erection of such bridge is made by the act of June 13, 1836, P. L. 560.

Argued Oct. 3, 1894. Appeal, No. 283, Oct. T., 1894, from order of Q. S. Westmoreland Co., Feb. T., 1894, No. 8, confirming report of viewers appointed to inspect a bridge. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of viewers appointed to inspect joint county bridge.

The following opinion was filed by DOTY, P. J.:

" On Dec. 28, 1893, the commissioners of the counties of Westmoreland and Indiana entered into a contract for the erection of a joint county bridge over the Conemaugh river at Bolivar. The contractors, Nelson & Buchanan, completed the bridge, according to the report of the viewers, ' in a substantial and workmanlike manner.'

" Objection is made, to the approval of the report of the viewers, that the contract was illegally entered into by the commissioners of the county of Westmoreland. This objection is based on the provisions of the special act of April 4, 1870, P. L. 834. The act provided that the commissioners, before

entering into any contract for the erection of any new building or bridge, or for the alteration of the same, should invite sealed proposals by public advertisement, and award the contract to the lowest bidder. The act also provides that any such contract should be approved by the court, with sureties for the faithful performance. In this instance sealed proposals were not invited by advertisement or otherwise, and the contract was awarded without the approval of any judge of the court of common pleas. In other words, there was no attempt to observe the provisions of the act of April 4, 1870, the commissioners contending that the act has no application to a contract entered into with another county for the erection of a joint county bridge.

"Provision is made for the erection of bridges on county lines in the 46th section of the act of June 13, 1836, P. L. 562,—such bridges are authorized in the manner provided in the case of other county bridges, except that three viewers shall be appointed by the court of each county, and the courts of both counties, in all respects, have concurrent jurisdiction therein. This statute was observed in awarding the contract. The act of 1870 contains no repealing clause, and is in no sense inconsistent with the act of 1836, already referred to. It is evident that the act of 1870 had in contemplation contracts for the erection of county bridges and county buildings, and it is also evident that it had no reference to the erection of joint county bridges. Full provision had been made for the erection of such bridges in the prior statute of 1836, and every safeguard had been thrown around such contracts by requiring the concurrence and approval of the court and grand jury in two counties. The county of Indiana is not included in the act of 1870; the commissioners of that county were not required to advertise for proposals, nor to award the contract to the lowest bidder. Many inconveniences would arise by giving the statute the construction contended for by the exceptants. Westmoreland commissioners advertise and are bound to award to the lowest bidder; Indiana commissioners might be able to contract for a less sum. It by no means follows that an advertisement will invariably secure the least contract price. It seems clear that the act of 1870 has no application to a contract for the erection of a joint county bridge. If such had

been the legislative intention it ought to have been set forth that in the erection of joint county bridges sealed proposals should be invited, etc. The bridge having been approved by the viewers appointed by the respective courts of the two counties, and no good reason otherwise appearing, the same is now approved by the court."

*Error assigned* was order confirming report.

*D. S. Atkinson*, for appellant.

*D. C. Ogden*, for appellees, not heard.

PER CURIAM, Oct. 15, 1894:

The controlling question in this case is whether the special act of April 4, 1870, P. L. 834, is applicable to contracts for the erection of joint county bridges over streams dividing two counties, one of which is not named in the act? Said act is as follows: " The county commissioners of the counties of Bucks, Lancaster, Juniata, Venango, Adams, Erie, Mercer, Westmoreland, Montgomery, Clarion and Schuylkill, before making any contract for the erection of any new building or buildings, bridge or bridges, or for the alteration or addition thereto, shall, by public advertisement, . . . . invite sealed proposals for the same, according to specifications, which shall be written or printed in a book to be kept by the commissioners for that purpose, and kept open for the inspection of all persons for at least four weeks before the time, appointed by said advertisement, for the opening of said sealed proposals, and which, at the time fixed, shall be publicly opened and the contract awarded to the lowest bidder or bidders, who shall, within ten days thereafter, give security to said commissioners for the faithful performance of said contract according to specifications: Provided, that no contract shall be awarded by county commissioners until the same, with the sureties for its faithful performance, shall be approved by one of the judges of the court of common pleas of the proper county."

The county of Indiana, in which one end of the joint bridge in question is located, is not included in the act of 1870, and hence the commissioners of that county were not required to

advertise for proposals, nor to award the contract to the lowest bidder, etc. Moreover, full and adequate provision had theretofore been made in the act of 1836 for the erection of such joint county bridges, in which every safeguard is secured by requiring the concurrence and approval of the court and grand jury in each of the two adjoining counties, etc. In a clear, concise and convincing opinion, in which the objections to plaintiff's position are suggested, etc., the learned judge of the common pleas held that the special act of 1870 has no application to contracts for the erection of joint county bridges such as the one under consideration; and the able and ingenious argument of the learned counsel for plaintiff has failed to convince us that there was any error in so holding. For reasons given in the opinion referred to we think the court below was right in holding as it did; and its decree of approval should not be disturbed. The assignments of error are not sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellant.